# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

HYDROJUG INC., a Delaware corporation,

    Plaintiff,

v.

FIVE BELOW, INC., a Pennsylvania corporation, and
GOSSI INC. dba GREEN CANTEEN, an Ohio limited
liability company, DAVID GOSS, an individual Ohio
resident, and JOHN DOES 1 – 10.

    Defendants.
_____/

Case No: 1:22-cv-728

Judge Pamela A. Barker

## FIRST AMENDED COMPLAINT

Plaintiff Hydrojug Inc. ("Hydrojug") complains against defendants Five Below, Inc. ("Five Below"), Gossi Inc. ("Gossi"), David Goss ("Mr. Goss") and John Does 1 – 10 for the causes of action alleged as follows:

## THE PARTIES

1.    Hydrojug is a Delaware corporation with a principle place of business of 2675 Industrial Drive, Suite 203, Ogden, UT 84401.

2.    Five Below is: (a) a Pennsylvania corporation, with an address of 701 Market Street Suite 300, Philadelphia, PA 19106; (b) registered in Ohio as a foreign corporation; and (c) has retail store locations in Ohio, including in and around Cleveland, Ohio.

3.    Gossi is an Ohio corporation with an address of 195 Sterncrest, Moreland Hills, OH 44022.

4. David Goss in an individual resident residing in this judicial district, the President of Gossi, and personally engaged in the acts of infringement alleged herein (even if such acts were committed in connection with his corporate capacity), including obtaining Hydrojug product and deliberately patterning Aquajug's product after it.

5. Hydrojug is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as John Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Such unnamed defendants include, but are not limited to: (a) officers and/or directors who acted in concert with Defendants against Hydrojug; (b) other entities affiliated with Defendants that acted in concert with Defendants against Hydrojug; and (c) individuals or entities with whom Defendants acted in concern with Defendants against Hydrojug. Hydrojug reserves the right to name such John Does as discovery from Defendants reveals their identities.

## JURISDICTION AND VENUE

6. This is a civil action for: (i) trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a); (ii) trademark infringement and unfair competition under Ohio common law; and (iii) patent infringement under 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271; and deceptive trade practices under Ohio law.

7. This Court has original jurisdiction over the subject matter of this action under at least 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338(a), and supplement jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form a single case or controversy.

8. This Court has personal jurisdiction over Five Below, Gossi, and Mr. Goss because they do substantial and continuous business in Ohio, have principle places of business and/or retail locations therein, and are registered as Ohio entities and/or have residence in Ohio.

2

9. Venue is proper in this judicial district under at least 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391 since the named defendants reside and conduct business in this Judicial District and a substantial portion of the events or omissions giving rise to this action occurred in this Judicial District.

## FACTUAL BACKGROUND

*Hydrojug*

10. Hydrojug is a domestic and global retailer of large, specialized water bottles for fitness.

11. Hydrojug started selling its signature, half-gallon water bottles in 2016, and, based on tremendous success, soon thereafter expanded its product line to include water bottle sleeves and carriers, straws, electrolyte supplements, glass and stainless steel water bottles, and fitness apparel.

12. The predominant focus of Hydrojug's products and marketing is encouraging people to hydrate and drink water.

*Hydrojug's Intellectual Property*

13. Hydrojug is the owner of several HYDROJUG federal trademark registrations for its goods and services, including:

   a. **U.S. Reg. No. 5414493**, for the mark (in all colors):



(filed April 21, 2017, registered February 27, 2018, with a first use in commerce date of January 13, 2017) for *reusable plastic water bottles sold empty*;

5815188.1

  b.  **U.S. Reg. No. 5870021**, for the mark **HYDROJUG**

(filed January 29, 2019, registered September 24, 2019, with a first use in commerce date of January 13, 2017) for *drinking straws; drinking straws of plastic; insulating sleeve holder for bottles; insulating sleeve holders made of neoprene for jars, bottles or cans; reusable plastic water bottles sold empty*; and

  c.  **U.S. Reg. No. 6015313**, for the mark (in all colors):



(filed July 9, 2019, registered March 17, 2020, with a first use in commerce date of January 13, 2017) for *drinking straws; drinking straws of plastic; insulating sleeve holder for bottles; insulating sleeve holders made of neoprene for jars, bottles or cans; and on-line retail store services featuring hydration products and accessories, namely, water bottles, drinking bottles for sports, and bottle accessories including sleeves, carriers, and straws; and on-line retail store services featuring hydration products and accessories, namely, water bottles, drinking bottles for sports, and bottle accessories including sleeves, carriers, and straws*.

These trademark registrations are attached hereto as "Exhibit A." The Hydrojug marks are collectively referred to hereafter as "the Hydrojug Mark".

  14. Hydrojug also has unique product designs that are protected by a portfolio of patents and patent applications, including United States Design Patent No. D887,202 for a CONTAINER TOP ("the '202 Patent") for its water bottles. The '202 Patent is attached hereto as "Exhibit B."

5815188.1

*Aquajug Imitations*

15. In or around early 2022, Five Below, Gossi, and/or Mr. Goss began offering and selling oversized water bottles comprehensively based on Hydrojug's brand and product design, for example:

 

**Hydrojug**            ***Aquajug v.1***

16. In late November of 2022, Five Below, Gossi, and/or Mr. Goss marketed nearly identical products under the same word mark AQUAJUG and a revised stylized mark:

 

**Hydrojug**            ***Aquajug v.3***

Trademark

17. Five Below, Gossi, and/or Mr. Goss have marketed and/or market their products under the word mark AQUAJUG and the stylized marks:

 

*AJ logo #1*            *AJ logo #2*

The Aquajug marks are collectively referred to hereafter as "the Aquajug Mark".

18. The Aquajug Mark is confusingly similar to the Hydrojug Mark.

19. The Aquajug Mark is visually similar to the Hydrojug Mark; in their stylized forms, the Aquajug Mark and the Hydrojug Mark share elements including: in both AJ logo #1 and AJ logo #2, a stylized droplet, and in AJ logo #1, a stylized droplet joined with a dumbbell and a letter and literal elements that stylistically emphasize the first portion.

20. The Aguajug Mark is phonetically similar to the Hydrojug Mark.

21. The Aquajug Mark and Hydrojug Mark convey the same and/or similar commercial impression, namely, combining a water reference with -JUG into an integral word.

22. Hydrojug has documented <u>actual</u> confusion between the Hydrojug and Aquajug marks, including social media comments that indicate that Hydrojug product was purchased and is available for purchase at Five Below, when in fact, only the Aquajug product (and not the Hydrojug product) is available at Five Below.

Products

23. Five Below, Gossi, and/or Mr. Goss use (and/or have used), sell (and/or have sold), and offer (and/or have offered) for sale water bottles that embody the claimed design of the '202

6

5815188.1

Patent (the "Accused Products"). Exemplary Accused Products are set forth hereto as "Exhibit C".

24. The designs of the Accused Products are substantially the same as the design that is the subject matter of the '202 Patent. For example, with respect to Aquajug v.1, the designs have virtually identical profiles, dimensions, configurations, loops, cap hinges and hinge configuration, caps, spouts, curvatures and angles, and base undulations:



' 202 Patent, Figure 4          Aquajug v.1

25. In Aquajug v.2, the exact same design features set forth in Paragraph 21 are present, except for the loop:



' 202 Patent, Figure 4          Aquajug v.2 &.3

26. The designs of the Accused Products are so similar to the design that is the subject matter of the '202 Patent that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the '202 Patent.

5815188.1

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

27. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

28. Five Below's, Gossi's, and/or Mr. Goss's use of the Aquajug Mark in connection with their products is <u>actually causing confusion</u>, and is likely to continue to cause confusion, mistake and deception among consumers, the public, and trade as to whether Five Below's, Gossi's, and/or Mr. Goss's products and/or services are affiliated with, sponsored by, or endorsed by Hydrojug.

29. The Aquajug Mark is similar to the Hydrojug Mark in overall appearance, visually, phonetically, meaning, and commercial impression.

30. Five Below's, Gossi's, and/or Mr. Goss's products under Aquajug Mark are identical and/or highly similar to those under the Hydrojug Mark.

31. Five Below, Gossi, and/or Mr. Goss, on one hand, and Hydrojug, on the other, are competing suppliers and/or retailers that are in the same and/or highly similar online trade channels and have similar classes of purchasers of their respective goods who do (and will continue to) encounter these marks in similar online, brick and mortar, retail, and/or tradeshow environments.

32. In all respects, Hydrojug's rights in the Hydrojug Mark, are prior and therefore superior to those of Five Below, Gossi, and/or Mr. Goss in the Aquajug Mark.

33. Five Below's, Gossi's, and/or Mr. Goss's actions constitute infringement of Hydrojug's registered marks in violation of the Lanham Act, 15 U.S.C. § 1114(1).

34. Five Below, Gossi, and/or Mr. Goss have acted with actual or constructive knowledge of the Hydrojug's Mark and registrations, and upon information and belief, deliberate intention to confuse consumers, or willful blindness to Hydrojug's rights.

5815188.1

35. Five Below, Gossi, and/or Mr. Goss have made and will continue to make substantial profits and/or gains to which it they are not entitled.

36. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged. Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125[a])**

37. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

38. Hydrojug owns valid trademarks entitled to protection under the Lanham Act.

39. Five Below, Gossi, and/or Mr. Goss have demonstrated a deliberate intent to trade off the goodwill of the Hydrojug Mark as a means of increasing their own sales volume at the expense of Hydrojug.

40. Five Below's, Gossi's, and/or Mr. Goss's deliberate conduct results in, and is likely to result in, consumers purchasing Aquajug product in mistaken belief that it originates from Hydrojug.

41. Five Below's, Gossi's, and/or Mr. Goss's use of a mark and/or marks confusingly similar to the Hydrojug Mark in connection with identical or highly similar goods causes, and is likely to cause, confusion, mistake, and/or deception as to the affiliation, connection, or association of Five Below, Gossi, and/or Mr. Goss with Hydrojug, or as to the origin, sponsorship, or approval of Five Below's, Gossi's, and/or Mr. Goss's goods, services, or commercial activities by Hydrojug.

42. Five Below's, Gossi's, and/or Mr. Goss's actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15, U.S.C. § 1125(a).

9

43. Five Below, Gossi, and/or Mr. Goss have made and will continue to make substantial profits and/or gains to which they are not entitled.

44. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged.  Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## THIRD CLAIM FOR RELIEF

### (Ohio Common Law Trademark Infringement)

45. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

46. Hydrojug owns valid trademarks entitled to protection under Ohio common law.

47. Use of the Aquajug Mark in connection with Five Below's, Gossi's, and/or Mr. Goss's products is <u>actually causing confusion</u>, and is likely to continue to cause confusion, mistake and deception among consumers, the public, and trade as to whether Five Below's, Gossi's, and/or Mr. Goss's products and/or services are affiliated with, sponsored by, or endorsed by Hydrojug.

48. Five Below's, Gossi's, and/or Mr. Goss's conduct constitutes trademark infringement under Ohio common law, and has caused and will continue to cause Hydrojug to incur damage.

49. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged.  Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## FOURTH CLAIM FOR RELIEF

### (Ohio Common Law Unfair Competition)

50. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

10

51. Five Below, Gossi, and/or Mr. Goss have infringed Hydrojug's marks in violation of Hydrojug's trademark rights.

52. Five Below, Gossi, and/or Mr. Goss have demonstrated a deliberate intent to trade off the goodwill of the Hydrojug Mark as a means of increasing their own sales volume at the expense of Hydrojug.

53. Five Below's, Gossi's, and/or Mr. Goss's deliberate use of Hydrojug's Mark (or similar variations thereof) in connection with identical or highly similar goods is causing, and is likely to continue to cause, confusion, mistake or deception as to the affiliation, connection or association of Five Below, Gossi, and/or Mr. Goss with Hydrojug, or as to the origin, sponsorship, or approval of Five Below's, Gossi's, and/or Mr. Goss's goods, services, or commercial activities by Hydrojug.

54. Five Below's, Gossi's, and/or Mr. Goss's deliberate conduct is likely to result in consumers purchasing their product in mistaken belief that it originates from Hydrojug.

55. Five Below's, Gossi's, and/or Mr. Goss's conduct constitutes unfair competition under Ohio common law, and has caused, and will continue to cause, Hydrojug to incur damage.

56. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged. Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

**FIFTH CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. D887,202)**

57. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

58. Five Below, Gossi, and/or Mr. Goss have infringed, and continue to infringe the '202 Patent by offering to sell, selling, or importing the Accused Products in this District, and

11

elsewhere in the United States, the design of which is substantially the same as the ornamental design of the '202 Patent.

59. The Accused Products are identical and/or so substantially similar to the design of the '202 Patent as to deceive an ordinary observer.

60. Five Below's, Gossi's, and/or Mr. Goss's actions constitute infringement of the '202 Patent in violation of 35 U.S.C. § 271. Hydrojug has sustained damages and will continue to sustain damages as a result of Five Below's, Gossi's, and/or Mr. Goss's aforementioned acts of infringement.

61. Hydrojug is entitled to recover damages sustained as a result of Five Below's, Gossi's, and/or Mr. Goss's wrongful acts in an amount to be proven at trial.

62. Five Below's, Gossi's, and/or Mr. Goss's infringement of Hydrojug's rights under the '202 Patent will continue to damage Hydrojug's business, causing irreparable harm, for which there is no adequate remedy at law, unless Five Below, Gossi, and/or Mr. Goss are enjoined by this Court.

63. Five Below, Gossi, and/or Mr. Goss have willfully infringed the '202 Patent, entitling Hydrojug to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

64. Alternatively, Hydrojug is entitled to recover Five Below's, Gossi's, and/or Mr. Goss's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

### SIXTH CLAIM FOR RELIEF

(Ohio Deceptive Practices – O.R.C. § 4165.02(A)(2)

65. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

66. Hydrojug is the owner of the Hydrojug Mark.

67. Five Below, Gossi's, and/or Mr. Goss's unauthorized use of confusingly similar marks is causing and is likely to cause confusion as to the source of the parties' products in violation of O.R.C. § 4165.02(A)(2).

68. Five Below, Gossi's, and/or Mr. Goss's unauthorized use of the trademarks creates the misperception that Hydrojug and Five Below, Gossi, and/or Mr. Goss are affiliated, which also violates O.R.C. § 4165.02(A)(3).

## PRAYER FOR RELIEF

Hydrojug prays for judgment as follows:

A. A judgment finding Five Below, Gossi, and Mr. Goss liable for trademark infringement, unfair competition, and patent infringement;

B. An order temporarily, preliminarily, and permanently enjoining Five Below, Gossi, and Mr. Goss and their agents, servants, and any and all parties acting in concert with any of them from:

(1) using the Aquajug Mark (in any logo or word form, including the versions set forth herein), or any similar variations thereof;

(2) using any trademark that imitates or is confusingly similar to the Hydrojug Mark, or is likely to cause confusion, mistake, deception, or public misunderstanding as to the origins of Five Below's, Gossi's, and Mr. Goss's goods or their relatedness to Hydrojug; and

(3) engaging in trademark infringement, unfair competition, false designation of origin, or other activities that misappropriate Hydrojug's trademark rights;

(4) making, using, offering to sell, or selling the Accused Products; and

(5) directly or indirectly infringing in any manner any of the claims of the '202 Patent;

13

  C. That Five Below, Gossi, and Mr. Goss be ordered to deliver up for destruction all water bottles, packaging, advertising, promotional material or the like in the possession, custody or control of Five Below, Gossi, and Mr. Goss bearing a trademark found to infringe Hydrojug's trademark rights, as well as all plates and other means of making same.

  D. That Five Below, Gossi, and Mr. Goss be ordered to disclaim association with Hydrojug and adopt a program of corrective advertising.

  E. That Five Below, Gossi, and Mr. Goss be ordered to make an accounting for all Accused Products made, used, sold, offered for sale, or imported in the United States.

  F. That Five Below, Gossi, and Mr. Goss be ordered to pay damages, including but not limited to their profits, and that those damages be trebled under 15 U.S.C. § 1117.

  G. That Five Below, Gossi, and Mr. Goss be compelled to account to Hydrojug for any and all profits derived from its illegal acts complained of herein under 15 U.S.C. § 1117.

  H. That Five Below, Gossi, and Mr. Goss be ordered to pay Hydrojug's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

  I. An award of damages adequate to compensate Hydrojug for Five Below, Gossi's, and Mr. Goss's infringement of the '202 Patent, in an amount to be proven at trial, or in the alternative, an award of Five Below, Gossi's, and/or Mr. Goss's total profits under 35 U.S.C. § 289;

  J. An award of treble Hydrojug's damages, pursuant to at least 35 U.S.C. § 284;

  K. A declaration that this is an exceptional case and that Hydrojug be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

  N. An award of Hydrojug's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284;

5815188.1

    O.    An award of Hydrojug's attorney's fees, pursuant to all applicable state statutory and common law.

    P.    Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

    Q.    Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

    R.    For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Hydrojug demands trial by jury on all claims and issues so triable.

Dated December 9, 2022            Respectfully submitted,

By: /s/ Preston P. Frischknecht        By:/s/ Jay R. Campbell
    Preston P. Frischknecht            Jay R. Campbell
    (USB #11286) (*pro hac vice*)       David A. Bernstein
    preston@projectcip.com           Tucker Ellis LLP
    PROJECT CIP                       950 Main Avenue, Suite 1100
    399 N Main, Suite 220             Cleveland, OH 44113
    Logan, UT 84321                   Tel:   216.592.5000
    Telephone: (435) 512-4893        Fax:   216.592.5009
                                      Email: jay.campbell@tuckerellis.com
    *Counsel for Plaintiff*                     david.bernstein@tuckerellis.com

                                      *Counsel for Plaintiff Hydrojug Inc.*

5815188.1